**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ULYSSES CORNELL BOGARD**

       **Plaintiff,**

  vs.                                  **Civil Action 2:12CV985
                                        Judge Frost
                                        Magistrate Judge King**

**STATE OF OHIO OFFICE OF
VITAL STATISTICS**

       **Defendant.**

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff's motion for leave to proceed *in forma pauperis* is meritorious and is therefore **GRANTED**. **WHEREUPON, IT IS ORDERED THAT** the plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render service in this action shall do so as if the costs had been prepaid.

Certain exhibits attached to the *Complaint* contain personal identifying information. The Clerk is **DIRECTED** to file all such exhibits under seal.

However, because the only defendant named in the action is an agency of the State of Ohio, it is recommended that this action be dismissed for lack of subject matter jurisdiction. The Office of Vital Statistics, a subdivision of the Ohio Department of Health, is a state agency. A state agency is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v.*

*Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).

Because the Eleventh Amendment divests this Court of jurisdiction over plaintiff's claim, it is **RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 23, 2012                          s/Norah McCann King
 (Date)                                   Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge